IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL HAVINS, §<br>     Plaintiff, §<br>§<br>vs. §<br>§<br>FMC TECHNOLOGIES, INC. d/b/a §<br>TECHNIPFMC, §<br>     Defendant. § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S COMPLAINT

Plaintiff Michael Havins ("Plaintiff" or "Havins") now files this Complaint against Defendant FMC Technologies, Inc. d/b/a TechnipFMC, complaining about Defendant's violations of the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act. In support, Plaintiff states as follows.

### PARTIES

1.     Plaintiff Michael Havins is a citizen of the United States, and is a resident of Houston, Texas.

2.     Defendant FMC Technologies, Inc., is a Delaware corporation duly authorized to transact business in the State of Texas. FMC Technologies, Inc. is an indirect wholly owned subsidiary of TechnipFMC plc, and does business as TechnipFMC. It is referred to interchangeably herein as either FMC Technologies, TechnipFMC, or Technip. Defendant's principal executive offices are located at 5875 N. Sam Houston Parkway W, Houston, Texas 77086. It may be served with the Summons and Complaint through its registered agent for service of process CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found. It may also be served via the alternate method described in Rule 4 of the Federal Rules of Civil Procedure.

## JURISDICTION

3. This Court has subject matter jurisdiction over the claims described in this Complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's ADEA claim arises under federal law. The Court also has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendants because it continuously and systematically performs a substantial amount of business within the state of Texas and, moreover, is being sued herein for illegal conduct against the Plaintiff that occurred within the state of Texas. Accordingly, this Court has both general and specific jurisdiction over the Defendant.

## VENUE

5. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), as all or part of the claims alleged in this Complaint are based upon conduct committed by the Defendants within this judicial district.

## FACTS

6. In January 2017, Technip S.A., a French public limited company, merged with and into Defendant TechnipFMC plc, with TechnipFMC plc continuing as the surviving entity. At the same time, TechnipFMC US Merger Sub, LLC merged with and into Defendant FMC Technologies, Inc. with FMC Technologies continuing as the surviving entity as an indirect wholly owned indirect subsidiary of TechnipFMC plc. Since that time, Defendant has operated under the name of "TechnipFMC". In terms of the entire worldwide company (or group of companies), it is now one of the largest energy services companies in the world and a significant global player in the energy industry.

7.     Defendant FMC Technologies is corporation based in the United States and is a global market leader in subsea systems and a leading provider of technologies and services to the oil and gas industry. Today, FMC Technologies appears to have been entirely subsumed under the umbrella of TechnipFMC plc.

8.     Havins worked for Defendant as a Material Planner III in the Subsea Services Africa North America (SSANA) Operations – Asset, Rental Tool and Planning Department ("International Team").

9.     Havins reported to Janet Lee, Manager of Material Planning.

10.    On October 18, 2017, Havins was called into a meeting with his direct manager, Janet Lee, Janet's boss, Robert White (Services Delivery Manager) and Noreen Klingensmith (HR Business Partner). Havins was told that he was being laid off, effective immediately.

11.    Technip claims Havins was laid off because his position was being eliminated that day. However, this was simply not true.

12.    The real reason was Havins' age.

13.    Havins was 54 years old at the time and was the oldest Material Planner III. Despite being less qualified for the job, several younger Material Planners, including several on the International Team, were not laid off. Technip has a well-known bias against older workers. During Havins' employment, the company displayed substantial favoritism towards younger employees. For example, Technip encouraged younger employees to seek growth within the company and were asked whether they were interested in other positions that would allow them to advance within the company. Older employees, by contrast, were not offered the same opportunities. In fact, when the company terminated Havins, it did not offer or even encourage him to apply for any open positions within the company, even though several were available.

14. Showing a preference for younger workers can also be seen in Technip's selection of Havins' replacement. Just a few short hours after Havins was let go, and despite telling Havins that his position was being eliminated, Technip announced that Havins was being replaced by Brian Hoffman, an individual believed to be in his late 20s, or around 25 years younger than Havins. Moreover, following Havins' termination, Technip added two additional planner positions to the International Team, which were filled by Andy Baker, 47 years old, and Eric Gravina, 27 years old.

15. To further support Technip's discriminatory practices, after Havins' termination, the company was actively seeking to hire two Project Managers and one Deputy Project Manager for the International Team. Both of these positions use Material Planners to support them, underscoring the continued necessity of Havins' position.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Havins timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission. The charge was cross-filed with the Civil Rights Division of the Texas Workforce Commission.

17. The EEOC issued a Notice of Right to Sue on October 15, 2018. This lawsuit has been filed within 90 days of that letter's issuance and, thus, within 90 days of Havins' receipt of that letter.

18. Havins' charge has been on file with the Texas Workforce Commission for at least 180 days and no right to sue letter has been issued by that state agency.

19. Accordingly, Havins has exhausted all administrative remedies required by the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act.

## FIRST CAUSE OF ACTION: AGE DISCRIMINATION

20. Havins incorporates each of the foregoing paragraphs as if fully set forth herein.

21. Technip was Havins' employer, as that term is defined by the Age Discrimination in Employment Act and/or the Texas Commission on Human Rights Act.

22. Havins was an employee of Technip.

23. Havins was qualified to perform the job of Material Planner III at Technip.

24. Havins was subjected to an adverse employment action in that he was terminated from his employment.

25. At the time of his termination, Havins was a member of the class protected by the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act.

26. Havins was replaced by someone outside the class protected by the Age Discrimination in Employment Act and/or the Texas Commission on Human Rights Act.

27. Havins has incurred substantial lost wages as a result of his firing.

28. Havins has also incurred compensatory damages as a result of his firing.

29. Defendants terminated Havins willfully, with malice and/or reckless disregard for his statutorily-protected rights. Liquidated and/or exemplary damages are therefore warranted.

## ATTORNEYS' FEES

30. If Havins prevails, he is entitled to recover reasonable and necessary attorneys' fees and costs as required by 29 U.S.C. §§ 626(b) and 216(b).

## JURY DEMAND

31. Havins hereby demands a trial by jury.

**P**RAYER FOR **R**ELIEF

Havins hereby prays that Defendants be cited to appear and that, upon trial, the Court enter a judgment in his favor for the following:

a) Back pay;
b) Liquidated damages under the ADEA;
c) Compensatory and/or punitive damages under the TCHRA;
d) Reinstatement or front pay;
e) Attorney's fees;
f) Costs of court; and
g) Such other and further relief to which Plaintiff may show himself entitled.

Respectfully submitted,

DOW GOLUB REMELS & GILBREATH, PLLC

/s/ Andrew S. Golub
Andrew S. Golub
Attorney-in-Charge
S.D. Tex. No. 13812
Texas Bar No. 08114950
asgolub@dowgolub.com
Alexandra M. Wolf
S.D. Tex. No. 3159449
Texas Bar No. 24089226
awolf@dowgolub.com
2700 Post Oak Blvd., Suite 1750
Houston, Texas 77056
Telephone: (713) 526-3700
Facsimile: (713) 526-3750

ATTORNEYS FOR PLAINTIFF