IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HAVINS,<br>　　Plaintiff,<br><br>vs.<br><br>FMC TECHNOLOGIES, INC. d/b/a<br>TECHNIPFMC,<br>　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:19-cv-00070<br><br>JURY TRIAL DEMANDED |

**MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO
DEFENDANT'S DEFENSE OF FAILURE TO MITIGATE DAMAGES**

Plaintiff Michael Havins ("Havins") now moves for Judgment as a Matter of Law as to Defendant FMC Technologies, Inc.'s ("FMC") Affirmative Defense of Failure to Mitigate Damages. In support, Havins states as follows.

### SUMMARY OF ARGUMENT

FMC has not met its burden of proof to establish the affirmative defense of failure to mitigate damages. In fact, FMC has not presented any evidence of substantially equal jobs that were available to Havins, let alone any evidence that Havins failed to exercise reasonable diligence to find them. Therefore, the Court should grant judgment as a matter of law against FMC and in favor of Plaintiff regarding FMC's affirmative defense of failure to mitigate damages.

### JUDGMENT AS A MATTER OF LAW STANDARD

Rule 50 of the Federal Rules of Civil Procedure authorizes the court to grant judgment as a matter of law in favor of a party during trial before the case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). If a party has been fully heard on any issue during a jury trial and the courts finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may resolve the issue against the party and grant a motion for judgment as a matter

1

of law against a party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. Fed. R. Civ. P. 50(1).

### ARGUMENT AND AUTHORITIES

Failure to mitigate damages is an affirmative defense upon which the Defendant bears the burden of proof. *Agoh v. Hyatt Corp.*, 992 F. Supp.2d 722, 738 (S.D. Tex. 2014) (citing *Ellerbrook v. Lubbock, Texas*, 465 Fed. App'x 324, 337 (5th Cir. 2012)). The defense requires proof of two factual elements: (1) the availability of substantially equivalent work; and that (2) Plaintiff did not make reasonable efforts to obtain such work. *Buckingham v. Booz Allen Hamilton, Inc.*, 64 F.Supp.3d 981, 984 (S.D. Tex. 2014) (An employer may prove failure to mitigate "by demonstrating that substantially equivalent work was available and that the plaintiff did not exercise reasonable diligence to obtain it."); *Garcia v. Harris County*, 2019 WL 132382, *2 (S.D. Tex. Jan. 8, 2019) (Miller J.); *Huffman v. City of Conroe*, 2009 WL 361413, *13 (S.D. Tex. Feb. 11, 2009).[1]

"Substantially equivalent employment" means work affording virtually identical promotion opportunities, compensation, job responsibilities, working conditions, and status as the position from which the plaintiff was discriminatorily terminated. *Buckingham*, 64 F. Supp.3d at 984. The reasonableness of a plaintiff's diligence should be evaluated in light of the individual characteristics of the claimant and the job market itself. *Id.*

Putting aside the discovery misconduct discussed during yesterday's court session, FMC

---

[1] Some Fifth Circuit decisions say that if an employer proves an employee has not made reasonable efforts to obtain work, then it need not also establish the availability of substantially comparable employment. *See, e.g., Sellers v. Delgado College*, 902 F.2d 1189, 1193 (5th Cir. 1990); *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 393 (5th Cir. 2003); *Jackson v. Host Int'l, Inc.,* 426 Fed. App'x 215, 222 (5th Cir. 2011). But as the Court noted in *Garcia*, these cases conflict with an earlier Fifth Circuit opinion, *Sparks v. Griffin*, 460 F.2d 433, 443 (5th Cir. 1972), which constitutes binding precedent because it came first. *Garcia*, 2019 WL 132382 at *2. At least three judges within the Houston Division have held in recent years that employment case defendants must prove both elements of the defense. *Id.* (Miller, J.); *Huffman*, 2009 WL 361413, *13 (Atlas, J.); *Buckingham*, 64 F. Supp.3d at 985 (Ellison, J.).

still hasn't presented evidence of any substantially equivalent employment.  Ms. Klingensmith testified very generally yesterday that FMC had at some point posted some Planner positions, though she did not indicate where they were posted such that Mr. Havins might have become aware of them.  She provided no evidence about the nature of these particular jobs, and certainly no evidence that they were virtually identical to Plaintiff's old job in terms of promotion opportunities, compensation, job responsibilities, working conditions, and status.  *Buckingham*, 64 F. Supp.3d at 984.  She said nothing about any of these factors, without which it is impossible to know whether these were substantially equivalent or not.  As far as this Court can tell, these jobs would have paid $20,000/year less than Mr. Havins' Project Planner III position.  As far as this Court can tell, these were Project Planner II jobs, and thus lower in status.  As far as this Court can tell, these alleged positions (for which Defendant never produced the job descriptions or postings), had fewer job duties or were to be performed under worse working conditions.

Absent such evidence, Defendant cannot have shown that the jobs were substantially equivalent, even if they were available.  As Defendant has not shown the existence of substantially equivalent jobs it cannot possibly have satisfied a failure to mitigate defense.  That alone should end the matter because without jumping that hurdle the courts do not even turn to questions of diligence.  *Buckingham*, 64 F. Supp.3d at 987 (having found "that Booz Allen has not met its burden in demonstrating the availability of substantially equivalent jobs", the court "need not reach the question of whether Ms. Buckingham was reasonably diligent in seeking alternate work.").

## CONCLUSION AND PRAYER

FMC has been fully heard on the issue of mitigation.  Given the two elements of the defense, no reasonable jury would have a legally sufficient evidentiary basis to find for FMC on

the issue.  The Court should therefore enter judgment as a matter of law for Plaintiff and not submit the failure to mitigate defense to the jury.

          Respectfully submitted,

          DOW GOLUB REMELS & GILBREATH, PLLC

          */s/ Andrew S. Golub*
          Andrew S. Golub
          Attorney-In-Charge
          asgolub@dowgolub.com
          S.D. Tex. No. 13812
          Texas Bar No. 08114950
          2700 Post Oak Blvd., Suite 1750
          Houston, Texas 77056
          Telephone: (713) 526-3700
          Facsimile: (713) 526-3750

          ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

On August 18, 2022, this document was served upon all counsel of record via the Court's ECF filing system:

Scott D. Marrs
Brian T. Bagley
Alexandra Ledyard
AKERMAN LLP
1300 Post Oak Blvd., Suite 2500
Houston, Texas 77056

                                      */s/ Andrew S. Golub*
                                      Andrew S. Golub