United States District Court
Southern District of Texas
**ENTERED**
May 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HAVINS, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-070 |
| | § | |
| FMC TECHNOLOGIES, INC. d/b/a | § | |
| TECHNIPFMC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Notice of Taxation of Costs filed by Defendant FMC Technologies, Inc. d/b/a TechnipFMC ("FMC") (Dkt. 139). Having reviewed the motion, response, reply, and applicable law, the Court finds FMC's motion should be **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff Michael Havins filed suit against FMC, his former employer, alleging violations of the Age Discrimination in Employment Act and the Texas Commission on Human Rights Act. (Dkt. 1). The case was tried before a jury, which found that age was not the but-for cause of Havins' termination, nor was age a motivating factor in FMC's decision to terminate Havins. (Dkt. 129). FMC then moved for reimbursement of its trial costs. (Dkt. 139).

The arguments raised in FMC's notice of taxation of costs, Havin's response, and FMC's reply are considered below.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54 creates a presumption that costs should be awarded to the prevailing party. District courts may award only those costs enumerated in 28 U.S.C. § 1920 "absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).

Section 1920 lists the following costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920(1)–(6).

"If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed." *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) (citation omitted). "However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case." *Id.* (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).

## ANALYSIS

FMC's initial notice catalogued $14,571.72 in costs that it sought to tax against Havins. (Dkt. 139). Havins raised several objections in response and argued that the costs should be reduced to no more than $5,996.65. (Dkt. 140). FMC then eliminated $2,951.53 from its request, bringing the total to $11,620.19. The Court finds that FMC is entitled to most, but not all, of this revised total.

Havins sought to eliminate the rush transcript charges for four depositions. (Dkt. 140 at 2). While FMC agreed to eliminate three of these charges (Dkt. 141 at 8), FMC maintained that the rush charge of $478.17 for Casey Pickard's deposition was necessary in light of Pickard's health situation and the close temporal proximity of the deposition to the trial (three weeks) (Dkt. 141 at 2-3). In so arguing, FMC inadvertently mixed up which of Pickard's two depositions incurred the rush charge in question. The charge was associated with Pickard's first deposition, which occurred on August 1, 2019—not the second deposition, which occurred on July 20, 2022. (Dkt. 140-1). Thus, the Court agrees with Havins that the rush transcript charge for Pickard's first deposition should not be taxed.

Havins also sought to eliminate the charge for Havins' videotaped deposition on the grounds that (1) Fifth Circuit case law does not allow for the taxing of fees for printed and electronically recorded transcripts, and FMC seeks to tax the fees for both; and (2) Havins' videotaped deposition was not necessary because Havins was going to be present throughout his entire trial. (Dkt. 140 at 3-4). The Court agrees that FMC should not recover the costs of both the written and electronically recorded transcripts of Havins' deposition.

Section 1920 allows for the recovery of fees for "printed or electronically recorded transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added). Given that the statutory language does not presumptively allow for the recovery of fees for both printed and electronically recorded transcripts, the requesting party must demonstrate why both versions of the transcripts are necessary. *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 976–77 (S.D. Tex. 2011) (while videotape deposition costs and deposition transcripts are both recoverable costs, the requesting party bears the burden of showing that the different versions of the deposition were reasonably obtained for use in the case). The Court finds that FMC failed to meet this burden here. Thus, the fee for Havins' video deposition ($1,959.95) is nontaxable.

Havins also challenges certain "nontaxable charges" ($1,208.90 total) found on the deposition invoices. (Dkt. 140 at 6-7). The Court finds that of these charges are properly associated with the preparation of the depositions and are thus taxable under Section 1920.

Finally, the Havins asks the Court to exercise its discretion not to tax the costs associated with Pickard's second deposition. (Dkt. 140 at 7). The Court finds that Pickard's second deposition is properly taxable under Section 1920 and declines to eliminate it from FMC's recoverable costs.

Having addressed Havins' objections and FMC's arguments in support, the Court finds that FMC is entitled to recover the following costs:

| INVOICE DATE | INVOICE NUMBER | REVISED AMOUNT | DOCUMENT DESCRIPTION |
|---|---|---|---|
| 08/08/19 | 140079482 | $666.40 | U.S. Legal Support Electronic Copy of Deposition of Casey B. Pickard Deposition Transcript |
| 08/27/19 | 530946 | $1,808.90 | Magna Legal Services Original and 1 Certified Copy of Transcript of Michael Havins |
| 08/29/19 | 531794 | $0 | Magna Legal Services Video Deposition of Michael Havins |
| 01/13/20 | 140097477 | $895.60 | U.S. Legal Support Electronic Copy of Deposition of Janet F. Lee |
| 01/23/20 | 140097752 | $769.50 | U.S. Legal Support Electronic Copy of Deposition of Victoria Jackman |
| 01/24/20 | 140098846 | $1,426.85 | U.S. Legal Support Electronic Copy of Deposition of Noreen Klingensmith |
| 02/17/20 | 140101165 | $997.55 | U.S. Legal Support Electronic Copy of Deposition of Robert Curtis White (Volume 1) |
| 02/18/20 | 140101359 | $640.55 | U.S. Legal Support Electronic Copy of Deposition of Robert White (Volume 2) |
| 07/20/22 | 202770 | $1,976.52 | Carlisle Reporting Original Deposition (with video) of Casey Pickard |
| REVISED TOTAL | | $9,181.87 | |

## CONCLUSION

FMC's Notice of Taxation of Costs is **GRANTED IN PART AND DENIED IN PART**. FMC is entitled to recover $9,181.87 in costs.

**IT IS SO ORDERED.**

SIGNED at Houston, Texas on May 22, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE